IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| HYUNDAI CAPITAL AMERICA, a California corporation,<br>    *Plaintiff*,<br><br>v.<br><br>KELLY GRIMSLEY AUTO GROUP, LTD., K. GRIMSLEY LLC, and KELLY J. GRIMSLEY,<br>    *Defendants*,<br><br>and<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>    *Intervenor*. | Case No. 7:25-CV-00143-RCG |

## U.S. BANK NATIONAL ASSOCIATION'S COMPLAINT IN INTERVENTION

U.S. Bank National Association ("*U.S. Bank*"), for its Complaint in Intervention against Defendant, Kelly Grimsley Auto Group, Ltd. ("*Defendant*" or "*Dealer*"), hereby alleges as follows:

### INTRODUCTION

1. U.S. Bank brings this action for Defendant's breach of contract to recover damages arising from certain motor vehicle retail installment sale contracts that Defendant sold to U.S. Bank.

### THE PARTIES

2. U.S. Bank is a national association organized under the laws of the United States and having its main office, as designated in its Articles of Association, at 425 Walnut Street, Cincinnati, Ohio 45202.

3. Defendant is a Texas limited liability company, with its principal executive office as registered with the Texas Secretary of State located at 2603 E. 8th Street, Odessa, TX 79761.

4. Defendant has operated or is currently operating multiple motor vehicle sales dealerships at which it originates motor vehicle sales contracts that Dealer has then sold and assigned to U.S. Bank, including at the following dealership locations (collectively, the "*Dealerships*"):

    a. 2603 E. 8th Street, Odessa, TX 79761;

    b. 5301 John Ben Shepperd Pkwy, Odessa, TX 79762.

5. The sale and assignment to U.S. Bank of motor vehicle sales contracts originated at these Dealerships is governed by the terms and conditions set forth in the parties' written Indirect Dealer Agreement, the most recent and operative version of which being dated and executed as of April 8, 2019 (the "*Dealer Agreement*"). A true and correct copy of the operative Dealer Agreement is attached hereto as Exhibit 1.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and/or a substantial part of the property at issue is situated in this district.

**FACTUAL BACKGROUND**

I.   **The Dealer Agreement**

8.   As stated above, U.S. Bank and Defendant are party to, and both executed, the written Dealer Agreement that sets forth the terms and conditions under which U.S. Bank would purchase from Defendant certain of the motor vehicle retail installment sale contracts (referred to as "Retail Contracts" in the Dealer Agreement) that Defendant originates.

9.   Under the Dealer Agreement, Defendant made numerous specific representations, covenants, and warranties regarding each of the Retail Contracts it sold to U.S. Bank, including, without limitation, the following:

> (a) "Dealer has caused title to the Contract (If a Retail or Lease Contract) and the Vehicle to be conveyed to U.S. Bank or its designee, free in either instance of any lien or encumbrance or claim or defense by the Customer"; Ex. 1, Dealer Agreement § 7(A);
>
> (b) "The Contract has been duly authorized and executed by the Customer, constitutes the Customer's valid and binding agreement, and bas been duly executed by Dealer (if a Retail or Lease Contract) and the Customer at Dealer's premises"; *id.* § 7(B);
>
> (c) "The statements in the Contract and in any other instrument executed in connection therewith are true and correct"; *id.* § 7(D);
>
> (d) "Each other instrument executed in connection with the Contract giving rights to Dealer has been duly authorized and executed by each party thereto and constitutes each such party's valid and binding agreement"; *id.* § 7(C);

(e) "Dealer has properly completed the Contract and all other documents required for origination or purchase by U.S. Bank and will deliver all documents with respect to Contract in accordance with the U.S. Bank Refence Materials."; *id.* § 7(H);

(f) "Dealer has completed the retail installment sale, lease transaction or direct loan in accordance with all applicable federal and state laws and regulations, including making all disclosures required in the Contract, in any other document executed in connection with the Contract, in any advertisement of the transaction, and in any related purchase order"; *id.* § 7(I);

(g) "Dealer has accurately disclosed any cash down payment or trade-in allowance"; *id.* § 7(J);

(h) "The Customer has and shall have no defense, offset, or counterclaim as to the enforcement of the Contract arising out of the conduct of Dealer, its agents, or employees"; *id.* § 7(L);

(i) "Dealer does not know of any fact not disclosed to U.S. Bank which indicates the uncollectability of the Contract"; *id.* § 7(N);

(j) "Dealer acknowledges that U.S. Bank assumes no risk or liability with respect to a Vehicle or Contract for any event which occurs prior to U.S. Bank's purchase of such Vehicle or Contract"; *id.* § 7(O);

(k) "Dealer will file an application for title and registration for the Vehicle, and take such further action as may be required under applicable law to perfect U.S. Bank's interest in the Vehicle, no later than 30 days after the Customer receives possession of the Vehicle"; *id.* § 7(R);

(l) "Dealer will file and record all documents necessary to perfect a valid and enforceable first priority security interest of U.S. Bank with respect to the Vehicle subject to the Contract and will send U.S. Bank the filing receipts"; *id.* § 7(S).

10. Under Section 8 of the Dealer Agreement, Defendant agreed that if any of these specific warranties, covenants, or representations are breached or untrue or are otherwise "alleged to be breached or untrue," then Defendant must "promptly pay upon receipt of U.S. Bank's demand, one or more of the following amounts, at the election of U.S. Bank": (i) the unpaid balance of the customer's contract; (ii) all losses and expenses incurred by U.S. Bank as a result of Defendant's breach, untruth, or failure to perform; and (iii) all out-of-pocket expenses incurred by U.S. Bank, including its resulting attorneys' fees and costs of litigation.

11. Furthermore, U.S. Bank and Defendant also entered into a Dealer Reserve Addendum in connection with the Dealer Agreement (the "***Addendum***"). A true and correct copy of the Addendum is attached hereto as Exhibit 2 and incorporated herein by reference.

12. Pursuant to the Addendum, each month U.S. Bank pays Defendant a certain monetary amount known as the "Dealer Reserve" for each customer contract that Defendant sells to U.S. Bank. *See* Ex. 2, at § 2.

**II.     Defendant is Obligated to Repurchase the Seven Customer Contracts Based on the Breach of Its Unambiguous Obligations Under the Dealer Agreement.**

13. Shortly following their origination, and pursuant to the Dealer Agreement, U.S. Bank purchased from Defendant seven motor vehicle retail installment sale contracts (each a subject "***Customer Contract***," and, collectively, the subject "***Customer Contracts***" at issue in this action):

    a. a contract dated October 7, 2024, having an amount financed of $41,204.00 and listing the borrower as "William Otero," which, after purchase by U.S. Bank, was subsequently assigned a U.S. Bank account number ending in "4272";

    b. a contract dated November 23, 2024, having an amount financed of $34,903.08 and listing the borrower as "Jesse Bjerk," which, after purchase by U.S. Bank, was subsequently assigned a U.S. Bank account number ending in "6604";

    c. a contract dated December 14, 2024, having an amount financed of $71,072.00 and listing the borrower as "San Juana Esquivel De Salinas," which, after purchase by U.S. Bank, was subsequently assigned a U.S. Bank account number ending in "9066";

    d. a contract dated December 21, 2024, having an amount financed of $82,888.00 and listing the borrower as "Alejandro Chavez Jurado," which, after purchase by U.S. Bank, was subsequently assigned a U.S. Bank account number ending in "8598";

    e. a contract dated February 26, 2025, having an amount financed of $72,430.00 and listing the borrower as "Kelly Grimsley," which, after purchase by U.S. Bank, was subsequently assigned a U.S. Bank account number ending in "6188"; and

    f. a contract dated March 18, 2025, having an amount financed of $62,000.00 and listing the borrower as "Kelly Grimsley," which, after purchase by U.S. Bank, was subsequently assigned a U.S. Bank account number ending in "6851";

14. The foregoing listed customers each received possession of the collateral Vehicle that is the subject of their respective Customer Contract as of the date that each such Customer

Contract was originated and, therefore, the Dealer Agreement required that Defendant perfect U.S. Bank's attendant lien interests and furnish the attendant filing receipts and corollary documentation by no later than 30 days after each such Customer Contract was originated.

15. Despite the Defendant's plain and unambiguous obligations under the Dealer Agreement to perfect U.S. Bank's lien interest and provide all relevant receipts and other corollary documentation, U.S. Bank has never received proof or documentation from Defendant indicating that U.S. Bank's first-priority lien was perfected with respect to any of the collateral Vehicles that are the subject of the Customer Contracts.

16. Each of the Customer Contracts has a remaining unpaid balance.

17. Pursuant to the Addendum, and above and beyond the principal amounts financed, U.S. Bank also made Dealer Reserve payments to Defendant in connection with its purchase of the Customer Contracts.

### III.   Defendant's Refusal to Repurchase the Customer Contracts.

18. Following U.S. Bank's purchase of the Customer Contracts, Defendant was informed that it had failed to complete the necessary title work to perfect U.S. Bank's first priority lien interests against the Vehicles, and that such failure constituted a breach by Defendant of its specific representations and warranties in the Dealer Agreement.

19. Despite its receipt of U.S. Bank's demands and its resulting obligation to immediately remit the demanded amounts, Defendant has failed to do so in breach of its obligations to U.S. Bank under the Dealer Agreement.

20. Accordingly, Defendant has breached numerous provisions of the Dealer Agreement, including, without limitation, the plain terms of Sections 7(R) and (S) that required Defendant to perfect U.S. Bank's interest in the collateral Vehicle(s) that are the subject of the

Customer Contracts, and Section 8(A) that required Dealer to repurchase the subject Customer Contracts and reimburse U.S. Bank's attendant losses and expenses "upon receipt of U.S. Bank's demand" that it do so.  Ex. 1, Dealer Agreement § 8(A).

### IV.     Defendant Has Failed to Pay U.S. Bank for Trade-Ins of its Collateral Vehicles.

21.     Additionally, after learning of the nature of the allegations in the underlying lawsuit here, U.S. Bank's investigation has revealed at least two recent instances in which Defendant allowed collateral vehicles that were subject to U.S. Bank's first-priority security interest to be used as trade-ins for new car purchases, without U.S. Bank's knowledge or consent, and without ever providing U.S. Bank the payoff funds that were purportedly being applied to the purchase of the customer's new vehicle.  One of these instances involved the Jurado Customer Contract.

22.     In the Jurado Customer Contract, Defendant represented that U.S. Bank was being paid $44,320.00 in order to satisfy the outstanding balance on the customer's trade-in vehicle (VIN 1C6SRFLTXLN279429), which was subject to U.S. Bank's first-priority security interest.

23.     However, Defendant never paid the $44,320.00 to U.S. Bank.

24.     Upon information and belief, Defendant then wrongfully took possession of and re-sold the trade-in vehicle.

25.     Under applicable federal regulations, U.S. Bank is likely without recourse against the listed customer and may be prevented from attempting to collect the $44,320.00 that remains owed on the trade-in vehicle.

## COUNT I

### (Breach of Contract – Specific Performance)

26.     U.S. Bank restates and re-alleges the allegations of the foregoing Paragraphs, which are incorporated again herein.

27. U.S. Bank and Defendant are parties to valid and enforceable written contract in the form of the Dealer Agreement.

28. U.S. Bank has fully performed all of its material and antecedent obligations under the Dealer Agreement.

29. Section 7(R) of the Dealer Agreement required that: "Dealer will file an application for title and registration for the Vehicle, and take such further action as may be required under applicable law to perfect U.S. Bank's interest in the Vehicle, no later than 30 days after the Customer receives possession of the Vehicle".

30. Section 7(S) of the Dealer Agreement further required that: "Dealer will file and record all documents necessary to perfect a valid and enforceable first priority security interest of U.S. Bank with respect to the Vehicle subject to the Contract and will send U.S. Bank the filing receipts".

31. Despite these plain and unambiguous obligations under the Dealer Agreement to perfect U.S. Bank's lien interest and provide all relevant receipts and other corollary documentation, U.S. Bank has never received proof or documentation from Defendant indicating that U.S. Bank's first-priority lien was perfected with respect to any of the collateral Vehicle(s) that are the subject of the Customer Contracts.

32. Accordingly, U.S. Bank seeks an order for specific performance of the Dealer Agreement, requiring Defendant fulfil its obligation to perfect U.S. Bank's first-priority lien interest in the collateral Vehicle(s) that are the subject of the Customer Contracts.

## COUNT II

### (Breach of Contract – Damages)

33. U.S. Bank restates and re-alleges the allegations of the foregoing Paragraphs, which are incorporated again herein.

34. U.S. Bank and Defendant are parties to valid and enforceable written contract in the form of the Dealer Agreement.

35. U.S. Bank has fully performed all of its material and antecedent obligations under the Dealer Agreement.

36. As set forth above, numerous of the specific representations, covenants, and warranties made by Defendant under the Dealer Agreement in connection with its sale of each of the Customer Contracts to U.S. Bank are breached and/or untrue or otherwise alleged to be breached or untrue.

37. As a result, U.S. Bank has demanded that Defendant repurchase the Customer Contracts and reimburse U.S. Bank for its attendant losses and expenses, including, without limitation, by remitting payment for the unpaid balance of each of the Customer Contracts, reimbursement of the corresponding Dealer Reserve amounts.

38. Despite its receipt of demands from U.S. Bank demands, including written demands, Dealer has failed to remit the demanded amounts in breach of the Dealer Agreement.

39. As a direct and proximate result of Defendant's foregoing breaches of the Dealer Agreement, U.S. Bank has suffered, and continues to suffer, monetary damages in the form of those amounts that are, and continue to be, owed by Defendant, with the precise amount of such damages to be established at trial.

40. Additionally, Defendant has facilitated and allowed collateral vehicles that are subject to U.S. Bank's first-priority security interest to be used as trade-ins, but without providing the payoff funds to U.S. Bank.

41. With regard to the Jurado Customer Contract, Defendant's misrepresentation of the payoff to U.S. Bank has caused U.S. Bank to suffer damages of at least $44,320.00.

42. Further, the Dealer Agreement provides that U.S. Bank is entitled to recover its reasonable attorneys' fees and costs of litigation incurred in enforcing Dealer's obligations under the Dealer Agreement, which necessarily also include all past and future attorneys' fees and costs of litigation incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff U.S. Bank National Association prays that judgment be entered in its favor and against Defendant Kelly Grimsley Auto Group, Ltd. as follows:

1. Ordering specific performance of the Dealer Agreement and requiring Defendant to perfect U.S. Bank's first-priority lien interest in the collateral Vehicle(s) that are the subject of the Customer Contracts;

2. Awarding monetary damages to make U.S. Bank whole for its losses and expenses incurred as a result of Defendant's breach of the Dealer Agreements as alleged above, plus all interest thereupon as permitted by law;

3. Awarding to U.S. Bank all of its costs, disbursements, and attorneys' fees incurred in pursuing its remedies under the Dealer Agreements, including those fees, costs, and disbursements incurred in connection with this action to the full extent permitted by law and the terms of the Dealer Agreement; and

4. Awarding such other and further relief as the Court deems fair and equitable under the circumstances.

Dated: August 14, 2025

Respectfully submitted,

*/s/ J. Brian Vanderwoude*
**Mike Stinson, Esq.**
Minnesota Bar No. 0392482[1]
stinson.mike@dorsey.com
**Scott Mah, Esq.**
Minnesota Bar No. 0401854[2]
mah.scott@dorsey.com
**DORSEY & WHITNEY, LLP**
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel: (612) 340-2600
Fax: (612) 340-2868

and

**J. Brian Vanderwoude, Esq.**
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
**Alexa Balderrama, Esq.**
Texas Bar 24123976
balderrama.alexa@dorsey.com
**DORSEY & WHITNEY, LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

**ATTORNEYS FOR U.S. BANK NATIONAL ASSOCIATION**

---

[1] Motion to appear pro hac vice forthcoming.

[2] Motion to appear pro hac vice forthcoming.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 14th day of August 2025, a true and correct copy of the foregoing instrument was served on the following, as identified below, in accordance with Federal Rule of Civil Procedure 5.

| | |
|---|---|
| Kelsey Nicole Linendoll<br>Mark Wilson Stout<br>Alan B. Padfield<br>Matthew B. Fronda<br>PADFIELD & STOUT, LLP<br>100 Throckmorton Street, Ste. 700<br>Fort Worth, TX 76102<br>klinendoll@padfieldstout.com<br>mstout@padfieldstout.com<br>abp@padfieldstout.com<br>mfronda@padfieldstout.com<br><br>*Attorneys for Plaintiff* | Harper Estes<br>LYNCH, CHAPPELL & ALSUP<br>300 North Marienfeld, Suite 700<br>Midland, TX 79701<br>hestes@lcalawfirm.com<br><br>Timothy T. Pridmore<br>MCWHORTER COBB AND JOHNSON, LLP<br>1722 Broadway (79401)<br>P.O. Box 2547<br>Lubbock, TX 79408<br>tpridmore@mcjllp.com<br><br>*Attorneys for Defendants* |

/s/ *J. Brian Vanderwoude*
J. Brian Vanderwoude

**U.S. BANK NATIONAL ASSOCIATION'S COMPLAINT IN INTERVENTION – PAGE 13**